IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHANTE A. HUNT,

    Petitioner,

v.                             Civil Action No. 5:07CV26
                             (Criminal Action No. 5:05CR52-02)
UNITED STATES OF AMERICA,             (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
GRANTING PETITIONER'S MOTION TO SUPPLEMENT
THE PETITIONER'S PENDING MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE (DOCKET NO. 89),
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING AS MOOT PETITIONER'S SUPPLEMENTAL
MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE (DOCKET NO. 91)
AND DENYING AMENDED SUPPLEMENTAL MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE (DOCKET NO. 93)**

I.  Procedural History

The petitioner, Chante A. Hunt, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to which the petitioner filed a motion to supplement his pending motion for relief pursuant to § 2255.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. On July 11, 2007, Magistrate Judge Seibert issued an order denying the petitioner's motion to supplement because the motion was filed by

a lawyer that is not a member of the bar of this Court.[1] The magistrate judge also filed a report and recommendation recommending that the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed timely objections to the report and recommendation, as well as an affidavit in which he claimed that his trial counsel did not explain the effect of the waiver of appellate and post-conviction relief rights contained in the plea agreement.

Thereafter, however, the petitioner recognized that several documents provided to this Court for review did not include the necessary signatures. Specifically, the petitioner's affidavit was not signed by the petitioner, and local counsel failed to sign the petitioner's objections to the report and recommendation. Accordingly, on October 27, 2008, the petitioner filed a multitude

---

[1]The petitioner filed his § 2255 petition pro se. "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999). After filing this petition, however, the petitioner retained Mr. Charles A. Murray, of Florida, to represent him in this matter. Mr. Murray did not obtain this Court's permission to appear pro hac vice in this matter until after the magistrate judge entered his order and report and recommendation. Mr. Stephen D. Herndon, thereafter, filed a notice of appearance as local counsel for the petitioner.

of documents, including his affidavit, as well as his objections to the magistrate judge's report and recommendation, both with the appropriate signatures, in an attempt to cure the original defects in the court filings. Additionally, the petitioner filed a motion to supplement the petitioner's pending motion for relief pursuant to 28 U.S.C. § 2255 ("motion to supplement § 2255 petition"), in which he asks this Court to grant said motion and permit the original supplemental pleading, formally denied by the magistrate judge for procedural defect, to be accepted as filed and utilized in reaching a decision on the merits in this case. Finally, the petitioner filed a separate amended supplemental motion for relief pursuant to 28 U.S.C. § 2255 based upon the retroactive amendments to the sentencing guidelines regarding crack cocaine ("supplemental motion regarding sentencing").[2]

For the reasons set forth below, this Court holds that the petitioner's motion to supplement § 2255 petition is granted, that the magistrate judge's report and recommendation is affirmed and adopted in its entirety, that the petitioner's supplemental motion regarding sentencing is denied, and that the petitioner's § 2255

---

[2]On October 27, 2008, the petitioner filed a supplemental motion for relief under 28 U.S.C. § 2255 based upon the retroactive amendments to the sentencing guidelines regarding crack cocaine. However, that document, too, failed to contain the signature of local counsel. As such, the petitioner filed an amended supplemental motion for relief on October 28, 2008, which was identical to the first motion filed, but properly signed by local counsel. Accordingly, this Court construes the petitioner's second motion as superseding the first motion, and hereby DENIES AS MOOT the petitioner's first motion filed on October 27, 2008.

motion to vacate, set aside or correct sentence is denied and dismissed.

## II. Facts

On December 2, 2005, the petitioner pleaded guilty in the Northern District of West Virginia to aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On February 21, 2006, the petitioner was sentenced to 121 months imprisonment.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

The petitioner contends in his § 2255 petition that he received ineffective assistance of counsel because he unknowingly and involuntarily entered the waiver of the right to appeal or collaterally attack the sentence. Further, he argues that his sentence was wrongly enhanced under United States v. Booker, 543

4

U.S. 220 (2005), and that his counsel was ineffective for failing to argue the application of Booker during sentencing.

Based on a review of the record and the applicable law, Magistrate Judge Seibert entered a report and recommendation in which he recommended that the petitioner's § 2255 petition be denied and dismissed because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. In both his objections to the report and recommendation and his affidavit, the petitioner states that his trial counsel did not explain the effect of the appellate and post-conviction relief waiver contained in the plea agreement, and that had he known of such waiver, he would not have entered into the plea agreement.

As an initial matter, this Court grants the petitioner's motion to supplement his § 2255 petition because the petitioner has cured all pro hac vice concerns since the time the magistrate judge entered his report and recommendation. Accordingly, this Court will consider the petitioner's supplemental filing, originally filed on April 25, 2007, in deciding this civil action on the merits. Further, for the same reasons, this Court will consider the petitioner's objections to the magistrate judge's report and recommendation as timely filed.

Nevertheless, the report and recommendation of the magistrate judge still must be affirmed. In this case, the petitioner pleaded guilty to Count Two of an indictment charging him with aiding and

abetting the possession with intent to distribute cocaine base. Specifically, the petitioner signed a plea agreement on November 14, 2005, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255." This Court finds that the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction, and that the petitioner's ineffective assistance of counsel claims are barred by this valid waiver.

Moreover, this Court is not persuaded by the petitioner's argument that trial counsel did not explain the effect of the waiver, and that had the petitioner understood the effect of the waiver, he would not have entered into the plea. On December 2, 2005, this Court conducted a thorough plea hearing in which the petitioner stated that he understood and accepted all the terms of the plea agreement, specifically the waiver of appellate and post-conviction relief rights. (Plea Hr'g Tr. 12:2-13, Dec. 2, 2005.) The petitioner's counsel, too, was asked if he believed that the petitioner understood the waiver to which counsel responded in the affirmative. (Plea Hr'g Tr. 12:14-19.) Therefore, because the petitioner's objection is directly contradicted by the plea colloquy conducted at the petitioner's plea hearing, this Court finds that his objection to the magistrate judge's report and

recommendation lacks merit.[3]  Accordingly, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

Finally, this Court finds that it must deny the petitioner's amended supplemental motion regarding sentencing.  Most notably, a § 2255 petition is not the proper vehicle for a petitioner to argue that he is entitled to a reduction of his sentence due to the retroactive effect of the sentencing guideline amendments concerning crack cocaine.  Instead, to properly raise the issue before this Court, the petitioner must file a separate motion for sentencing modification pursuant to 18 U.S.C. § 3582.  See 18 U.S.C. § 3582 ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.").

At the same time, this Court finds that a ruling on any request by the petitioner for a reduction of sentence under the sentencing guideline amendments on crack cocaine would be premature.  At the present time, this district is considering the application of the guideline amendments to various individuals who were defendants in this district.  This district is processing

---

[3]This Court also notes its displeasure in petitioner's counsel stating that the report and recommendation of the magistrate judge is "patently ridiculous."  (Objections 3.)  Although this Court recognizes that counsel must diligently advocate for his client, such can be done in a more appropriate and professional manner.

these requests for sentence reductions in order of inmates' projected release dates. In this case, the petitioner's estimated release date is June 27, 2014, but this date can, of course, change pursuant to Bureau of Prisons policies. In light of the petitioner's estimated release date, this Court finds that a ruling on any motion for reduction of sentence would be premature. Accordingly, for these reasons, the petitioner's amended supplemental motion regarding sentencing must be denied without prejudice so that the petitioner, if so inclined, can properly file a § 3582 motion with this Court.

## V. Conclusion

For the reasons set forth above, petitioner's motion to supplement § 2255 petition (Docket No. 89) is hereby GRANTED. Nevertheless, based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2255 petition is DENIED. Furthermore, the petitioner's supplemental motion for relief pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Docket No. 91) is DENIED AS MOOT, and his amended supplemental motion regarding sentencing (Docket No. 93) is DENIED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered.  <u>See</u> Fed. R. App. P. 4(a)(1).  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    March 19, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE